JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 16-07 JGB (DTBx) | Date | January 19, 2016 |
|---|---|---|---|
| Title | *Kirsio Cruz v. Ricardo Oliva and Sofia Stublefield* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Minute Order REMANDING Action to California Superior Court for the County of San Bernardino (Doc. No. 8) (IN CHAMBERS)

## I. BACKGROUND

On December 2, 2015, Plaintiff Kirsio Cruz filed a complaint for unlawful detainer against Defendants Ricardo Oliva and Sofia Stubblefield in the California Superior Court for the County of San Bernardino. ("Complaint," Doc. No. 8-1.) On January 4, 2016, Defendants removed the action to this Court. ("Notice of Removal," Doc. No. 1.) Defendants filed a motion to remand the case to state court on January 13, 2016. ("Motion," Doc. No. 8.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III. DISCUSSION

Defendants purport to remove this action on the basis of diversity jurisdiction because diversity of citizenship exists and the "value" of Defendants' "rights to her property and a fair trial" exceed $95,000. (Notice of Removal at 2.) Defendants also allege federal question jurisdiction "on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court 'any law providing for the equal rights of citizens of the United States.'" (Id.) The Court addresses each argument in turn.

#### A. Diversity

Defendants have not met the burden of demonstrating that diversity of citizenship exists. The Notice of Removal alleges only that "the parties are completely diverse," (Notice of Removal at 2), but does not actually allege the citizenship of Plaintiff or Defendants. In the Civil Cover Sheet attached to the Notice of Removal, Defendants allege that Plaintiff is a citizen of California. ("Civil Cover Sheet," Doc. No. 1-1.) The caption of the Notice of Removal states that Defendants reside in San Bernardino, California—incidentally, the same address that is the subject of the unlawful detainer action. (Notice of Removal at 1.) As such, Defendants have not adequately alleged that diversity of citizenship exists.

Further, Defendants have not adequately alleged an amount in controversy in excess of $75,000. The caption of the unlawful detainer complaint states that the amount demanded is less than $10,000. (Complaint at 1.) Although a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014), Defendants' allegation that the amount in controversy exceeds $95,000 is implausible. In unlawful detainer actions, the title to the property is not involved—only the right to possession is implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). The amount in controversy is not the value of the subject real property, but the reasonable rental value per day of the property, up to a total of $10,000.00. Evans, 67 Cal. App. 3d at 170; see also, U.S. Bank N.A. v. Medina, 2012 U.S. Dist. LEXIS 43054, at *4–5, 2012 WL 1136126 (C.D. Cal. Mar. 27, 2012). Here, the Complaint requests past-due rent of $1,320 plus the reasonable rental value per day beginning on December 1, 2015. (Complaint at 2.) This is far below the jurisdictional threshold of $75,000. Thus, Defendants have not established that diversity jurisdiction exists.

#### B. Federal Question

In order for removal to be proper on the basis of federal question jurisdiction, Defendants must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

Defendants assert that the Court has federal question jurisdiction pursuant to several federal statutes including 28 U.S.C. §§ 1345, 1367, 1443; 12 U.S.C. §§ 5531, 5536(a); and 31 U.S.C. § 3730.  (Notice of Removal at 2, Doc. No. 1.)  As noted, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  (See Complaint.); see also Lapeen, 2011 WL 2194117, *3 ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010).  Whatever federal questions Defendants might raise in defense to the unlawful detainer action are insufficient to confer removal jurisdiction over it. See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3–4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction"),

Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law.  Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served on Defendants as required by California Code of Civil Procedure § 1161a.  Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977).  Accordingly, due to the absence of a federal claim or substantial question of federal law, Defendants have not shown that the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

## IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and the Complaint and concludes that Defendants have not met their burden of establishing that this case is properly in federal court.  See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the foregoing reasons, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.  The February 8, 2016 hearing is VACATED.

**IT IS SO ORDERED.**